J-S77011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND FOGEL | |
| Appellant | No. 2921 EDA 2013 |

Appeal from the Order dated September 18, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0001304-2010

BEFORE:  STABILE, JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STABILE, J.:　　　　　　**FILED FEBRUARY 09, 2015**

Appellant Raymond Fogel appeals from an order of the Court of Common Pleas of Delaware County (PCRA court), which dismissed without a hearing his request for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  For the reasons set forth below, we affirm.

The facts underlying this appeal are uncontested.  As summarized by the PCRA court:

> On October 2, 2009, [Appellant] was stopped by the Upland Police Department for a traffic violation.  [Appellant] was subsequently arrested for failure to yield at a stop sign, driving under the influence, and endangering the welfare of children. On March 25, 2010, Andrew Goldberg, Esquire, filed his appearance on behalf of [Appellant].

---

* Retired Senior Judge assigned to the Superior Court.

On April 26, 2010, [Appellant] entered into a negotiated plea to endangering the welfare of children [(18 Pa.C.S.A. § 4304(a)(1))] and driving under the influence [(75 Pa.C.S.A. § 3802(a)(1))]. [Appellant] was sentenced to two years and six months of probation along with specific conditions. The remaining charges were dismissed pursuant to the negotiated plea. On May 27, 2010, [Appellant's] judgment of sentence became final. [Appellant] did not file a direct appeal or a post-sentence motion.

On April 13, 2012, a bench warrant was issued for [Appellant] due to his failure to comply with several requirements of his probation, including failing to complete alcohol safe driving classes, failure to pay outstanding court fines, and failure to report on several occasions to Parole Officer James Page of the Upper Darby Office of Adult Probation and Parole. On April 29, 2013, [Appellant], through Terry Pugh, Esquire, filed a [PCRA] [p]etition asking for a new evidentiary hearing. [(The petition contained only one attachment, the affidavit of Bonita Watkins, the mother of [Appellant's] children. The affidavit stated that Ms. Watkins and [Appellant] had a disagreement on October 5, 2009, that ended with her calling the police, detailing the argument, and telling the police that [Appellant] was driving a particular vehicle with her children inside. [The PCRA court] notes that [Appellant's] arrest took place on October 2, 2009, not October 5, 2009 as Ms. Watkin's affidavit states.)] The Commonwealth filed its answer on June 14, 2013.

On August 13, 2013, [Appellant] was arrested on his outstanding bench warrant and a **_Gagnon II_**[1] hearing was held in front of the Honorable Judge Mary Alice Brennan, at which time [Appellant] was sentenced to an additional term of one year probation.

On September 5, 2013, minutes before the scheduled PCRA hearing, [Appellant] filed an amended [PCRA] [p]etition which added a claim for ineffective assistance of counsel. [The PCRA court] held a hearing but [Appellant] presented no witnesses, just argument. After review of the [p]etition and the argument, [the PCRA court] wrote an [o]rder denying the [PCRA] [p]etition on September 18, 2013.

On October 17, 2013, [Appellant] filed a timely notice of appeal and on October 21, 2013, [the PCRA court] issued an [o]rder requiring Appellant to file a [Pa.R.A.P.] 1925(b) statement. Appellant filed his 1925(b) statement on November 12, 2013, raising three issues: (1) the [PCRA] court erred by not granting [Appellant] a new trial after his guilty plea was not knowing, voluntary and intelligent; (2) trial counsel was

---

[1] **_Gagnon v. Scarpelli_**, 411 U.S. 778 (1973).

ineffective for failing to advise [Appellant] that a guilty plea would adversely impact his employment; and (3) that after[-]discovered evidence reveals that a guilty plea was unknowingly, involuntarily, and unintelligently entered into by [Appellant].

PCRA Court Opinion, 11/25/13, at 1-3 (footnotes moved to text). In response, the PCRA court issued a Pa.R.A.P. 1925(a) opinion, concluding, *inter alia*, that Appellant's PCRA petition was facially untimely, and that he failed to prove the after-discovered evidence exception to the one-year time bar set forth in Section 9545(b)(1)(ii) of the PCRA. Specifically, the PCRA court found Appellant failed to establish that he exercised due diligence in discovering the after-discovered evidence at the time of his negotiated guilty plea. **See id.** at 5.

On appeal,[2] Appellant raises three issues for our review:

1. Whether the PCRA court erred when it failed to grant an evidentiary hearing or a new trial, and in its determination that Appellant failed to show due diligence in presenting his newly discovered testimony claim where the Commonwealth failed to disclose this evidence in violation of **Brady**[3]?

2. Whether the PCRA court erred by not granting Appellant's motion to withdraw his guilty plea and proceed to trial where he was induced by trial counsel to enter an unknowing, unintelligent, and involuntary guilty plea?

3. Whether the PCRA court erred in failing to hold an evidentiary hearing to determine whether a violation of Appellant's 6th Amendment right to counsel under the U.S. Constitution, and Article 1, § 9 of the Pennsylvania Constitution occurred where trial counsel was ineffective for advising Appellant to enter a guilty plea based on insufficient evidence which was further

---

[2] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)).

[3] **Brady v. Maryland**, 373 U.S. 83 (1963).

exacerbated where the Commonwealth failed to provide exculpatory **Brady** material constituting no representation or abandonment at trial?

Appellant's Brief at 5.[4]

As a threshold matter, we must determine whether the PCRA court erred in dismissing as untimely Appellant's PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and *could not have been ascertained by the exercise of due diligence*; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

[4] To the extent Appellant raises a **Brady** claim, we must reject such claim as waived. As the Commonwealth notes, Appellant raises the **Brady** claim for the first time on appeal before us. Because Appellant failed to preserve this claim below, it is waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

We disapprove of Appellant's suggestion that the PCRA court failed to hold a hearing on his PCRA petition. Our review of the docket indicates that the PCRA court indeed held a hearing on the petition on September 5, 2013, where, as the PCRA court noted, "[Appellant] presented no witnesses, just argument." PCRA Court Opinion, 11/25/13, at 2.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed *within 60 days* of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b) (emphasis added). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014).

Here, the record reflects the judgment of sentence became final on May 27, 2010, *i.e.*, at the expiration of the time for filing a direct appeal in this Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from May 27, 2010 to file his PCRA petition, the current filing is untimely on its face given it was filed on April 29, 2013.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Instantly, Appellant alleges the after-discovered evidence exception under Section 9545(b)(1)(ii). As mentioned earlier, he attached to his PCRA petition the affidavit of Ms. Watkins, his children's mother and former wife. In the petition, Appellant argued that Ms. Watkins' affidavit qualifies as after-discovered evidence of why police pulled him over on the day in question. Based on the affidavit, Appellant argued Ms. Watkins' 911 call was the *reason* the police pulled him over and not because he failed to yield at a stop sign. *See* Amended PCRA Petition, 9/5/13, at 2.

It is settled that the timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. *See Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001).

Here, based on our review of the entire record, we discern no basis upon which to disagree with the PCRA court's conclusion that Appellant failed to prove that he acted with due diligence in discovering the after-discovered evidence, *i.e.*, his former wife's 911 call resulted in his arrest. *See Bennett*, 930 A.2d at 1271 n.10 (citing *Commonwealth v. Yarris*, 731 A.2d 581, 590 (Pa. 1999) and stating: "*Yarris* correctly analyzes subsection (b)(1)(ii) and concludes that the claim fails because the appellant did not make a sufficient proffer of why it took so long to present the claims, and therefore, did not show that he acted with due diligence.").[5] As the PCRA court found, Appellant failed to offer any evidence at the hearing to "show

_____

[5] Based on the outcome in this case, we need not address Appellant's remaining arguments.

why he could not have obtained the new evidence earlier with the use of due diligence." PCRA Court Opinion, 11/25/13, at 5.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2015