J-S90015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TERI LYNN LEVANDUSKI | : | |
| | : | |
| Appellant | : | No. 1970 EDA 2016 |

Appeal from the PCRA Order May 31, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0001519-2002

BEFORE:  OTT, SOLANO, JENKINS, JJ.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 13, 2017**

Teri Lynn Levanduski appeals *pro se* from the order entered May 31, 2016, in the Court of Common Pleas of Monroe County, that dismissed as untimely her third petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  Levanduski was found guilty by a jury of murder in the first degree as an accomplice, conspiracy to commit murder in the first degree, hindering apprehension, and solicitation to commit murder in the first degree.[1]  The trial court sentenced Levanduski to life imprisonment for murder in the first degree as an accomplice, and no

_____

[1] 18 Pa.C.S. § 2501(a)/18 Pa.C.S. § 306; 18 Pa.C.S. § 2501(a)/18 Pa.C.S. § 903; 18 Pa.C.S. § 5105; and 18 Pa.C.S. § 2501(a)/18 Pa.C.S. § 902, respectively.

further sentence was imposed on the remaining convictions.  Based upon the

following, we affirm.

The PCRA Court summarized the procedural history of this case, as

follows:

> On January 13, 2004, [Levanduski] was convicted after trial by jury of several charges, including Criminal Homicide, arising from the killing of Robert Sandt.  [Levanduski's] co-defendant, Len[n]ard Fransen (docket number 1492 CR 2002), was tried separately and convicted of similar crimes on May 3, 2004.  On March 25, 2004, [Levanduski] was sentenced to life without the possibility of parole.  On April 1, 2004, [Levanduski] filed a Notice of Appeal.  On August 2, 2006, the Superior Court affirmed [Levanduski's] judgment of sentence and on February 21, 2007, the Supreme Court denied [Levanduski's] Petition for Allowance of Appeal.  [**Commonwealth v. Levanduski**, 907 A.2d 3 (Pa. Super. 2006), *appeal denied*, 919 A.2d 955 (Pa. 2007)] [Levanduski's] Application for Reconsideration of said denial was similarly denied on March 28, 2007. [The United States Supreme Court denied Levanduski's petition for *certiorari* on October 1, 2007. [**Levanduski v. Pennsylvania**, 552 U.S. 823 (2007)].
>
> On April 16, 2008, [Levanduski] filed her first, *pro se* PCRA Petition.  [Levanduski] elected to proceed *pro se*[1] and we held a hearing on her Petition on August 13, 2008.  On January 12, 2009, we denied [Levanduski's] first PCRA Petition.  On January 22, 2009, [Levanduski] filed a Notice of Appeal of our denial of her first PCRA petition.

_____

[1] On September 4, 2008, we held an on-the-record hearing via video conference with [Levanduski] to determine whether her election to proceed *pro se* was knowing, intelligent, and voluntary.  We found that [Levanduski] had sufficiently waived her right to counsel and appointed David W. Skutnik, Esq. as stand-by counsel only at [Levanduski's] request.

_____

On November 2, 2009, the Superior Court vacated our decision and remanded [Levanduski's] case after determining [Levanduski] had not properly waived her right to counsel. Upon remand, we scheduled a *Grazier* hearing for February 18, 2010. At said hearing, [Levanduski] withdrew her request to proceed *pro se*. We then allowed time for [Levanduski], through counsel, to file an Amended PCRA Petition and the Commonwealth to file a response. We received both filings and held a second PCRA hearing on October 14, 2010. On January 13, 2011, we again denied [Levanduski's] PCRA petition.

On February 10, 2011, [Levanduski] filed a Notice of Appeal of our denial of her counseled PCRA Petition. On November 30, 2011, the Superior Court affirmed our denial and on June 5, 2012, the Supreme Court denied [Levanduski's] Petition for Allowance of Appeal. [**Commonwealth v. Levanduski**, 38 A.3d 934 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012)].

On August 24, 2012, [Levanduski] filed a second, *pro se*, PCRA Petition. On October 10, 2012, we filed a notice of Disposition Without Hearing. On January 11, 2013, after receiving no response from [Levanduski], we denied [Levanduski's] petition as meritless.

On April 20, 2016, [Levanduski] filed her third, *pro se* PCRA Petition. On April 22, 2016, we again filed a Notice of Disposition Without Hearing. We received [Levanduski's] response on May 25, 2016. On May 31, 2016, after consideration of the record and [Levanduski's] response, we denied [Levanduski's] petition as untimely.

PCRA Court Opinion, 7/5/2015, at 1–2. This appeal followed.[2]

Levanduski presents three issues:

Has the PCRA court erroneously determined that [Levanduski] has untimely presented information that she received from a family member within 60 days of receiving it?

_____

[2] Levanduski complied with the order of the PCRA court to file a concise statement pursuant to Pa.R.A.P. 1925(b).

When the Pennsylvania Rules of Court/Appellate Procedure prohibit hybrid filings, what is a defendant/appellant supposed to do when the issues they would like to have presented are not being presented?

When a defendant/appellant is deprived of the right to present rebuttal evidence and testimony in defense the allegations of the information filed at trial and on appeal, has that defendant/appellant been deprived of the 6th and 14th Amendment right to a fair trial and appellate proceeding?

Brief of Levanduski at 4.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Cox**, 146 A.3d 221, 226 n.9 (Pa. 2016) (citation omitted).

The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.

**Commonwealth v. Jones**, 54 A.3d 14, 17 (Pa. 2012) (citations omitted).

A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S. § 9545(b)(1). Levanduski's judgment of sentence was final on October 1, 2007, when the United States Supreme Court denied her petition for writ of *certiorari*. **See Levanduski v. Pennsylvania**, 552 U.S. 823 (2007); 42 Pa.C.S. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the

United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Levanduski had until October 1, 2008, to file a timely petition, and therefore the present petition, filed over seven and one-half years later, is manifestly untimely.

However, the PCRA provides that an otherwise untimely petition is not time-barred if a petitioner pleads and proves the applicability of one of three time-for-filing exceptions: (1) interference by government officials, (2) newly discovered evidence, or (3) a newly-recognized constitutional right which had been applied retroactively. **See** 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions must be filed "within 60 days of the date the claim could have been presented." **Id.** at § 9545(b)(2).

Here, Levanduski contends her petition falls within the newly-discovered evidence exception. 42 Pa.C.S. § 9545(b)(1)(ii). Levanduski invokes this exception based upon information from the PCRA hearing of her co-defendant, Lennard Fransen, "specifically explaining the correct context and contents" of letters exchanged between herself and Fransen that were used at her trial. Levanduski's Brief at 7. Levanduski further asserts she received the transcript of Fransen's February 25, 2013 PCRA hearing from a family member on March 28, 2016, and she filed her petition within 60 days, on April 20, 2016.

The PCRA court explained Levanduski's argument as follows:

[Levanduski] alleges the testimony of Lennard Fransen regarding the "true Contents" of letters introduced at her trial invokes the

- 5 -

timeliness exception under § 9545(b)(1)(ii) regarding after-discovered evidence. [Levanduski] avers she was unaware of this testimony until family members provided her with transcripts on or about March 28, 2016, from Mr. Fransen's PCRA hearing. At that hearing, Mr. Fransen testified that the "mission" he and [Levanduski] referenced in letters to each other was not to kill Robert Sandt but to resolve Mr. Fransen's child support issues in Florida. *See* Notes of Testimony, PCRA Hearing in *Commonwealth v. Fransen*, 1492 CR 2002, Feb. 25, 2013, pp. 51-52 (partial copy attached to [Levanduski's] PCRA Petition as Exhibit A1-A14).

PCRA Court Notice of Disposition Without Hearing, 4/22/2016, ¶6 (emphasis added).

"When considering a claim seeking to invoke section 9545(b)(1)(ii), the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence." **Cox, supra**, 146 A.3d at 227 (citation omitted).

We have unequivocally explained that "the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim." **Commonwealth v. Abu-Jamal**, 596 Pa. 219, 941 A.2d 1263, 1268 (Pa. 2008). Rather, the exception only requires a petitioner to "prove that the facts were unknown [to him and that he exercised due diligence in discovering those facts." **[Commonwealth v.] Bennett**, 930 A.2d [1264, 1270 (Pa. 2007]; *see also* **Commonwealth v. Breakiron**, 566 Pa. 323, 781 A.2d 94, 98 (Pa. 2001) (rejecting attempt to invoke section 9545(b)(1)(ii) because appellant failed to offer any evidence that he exercised due diligence in obtaining facts upon which his claim was based).

*Id.* at 227.

Here, as the PCRA court opined: "The letters at issue were to and from [Levanduski] and Mr. Fransen. Thus, the meaning of the terms [Levanduski]

used in said letters would have been available to her **at trial**." PCRA Court Notice of Disposition Without Hearing, 4/22/2016, ¶6 (emphasis added). We agree with the PCRA court's analysis, and we conclude Levanduski cannot satisfy the Section 9545(b)(1)(ii) exception because she cannot establish that the "facts" were "unknown" to her.

The newly-discovered facts exception is *not* focused on newly discovered or newly willing sources for 'facts' that were already known." ***Commonwealth v. Marshall***, 947 A.2d 714, 721-22 (Pa. 2008) (emphasis in original). Here, Levanduski has not alleged or proven any after-discovered facts, but has merely offered another source for facts that were known to her at the time of trial.

Because the petition is untimely, there is no jurisdiction to review the claims raised therein. Accordingly, we affirm the denial of PCRA relief.

Order affirmed.

Judge Jenkins did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/13/2017

- 7 -