J-S48006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEVELL SHORT | |
| Appellant | No. 1074 WDA 2014 |

Appeal from the PCRA Order June 10, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004651-1990
CP-02-CR-0005386-1990

BEFORE:  PANELLA, J., DONOHUE, J., and WECHT, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 20, 2015**

Appellant, Devell Short, appeals from the order entered June 10, 2014, in the Court of Common Pleas of Allegheny County, which dismissed his sixth Post Conviction Relief Act[1] petition as untimely.  We affirm.

A panel of this Court previously summarized the pertinent history of this case as follows.

> Appellant was convicted of first-degree murder on June 28, 1991, based on his actions in shooting Tierenzo Morton.  The court imposed a judgment of sentence of life imprisonment without parole on that same date.  After the appointment of new counsel and the litigation of post-sentence motions, Appellant appealed.  This Court affirmed the judgment of sentence on October 20, 1994, and the Supreme Court denied allowance of appeal.  ***Commonwealth v. Short***, 654 A.2d 602 (Pa. Super.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

1994) (unpublished memorandum), *appeal denied*, 657 A.2d 490 (Pa. 1995).

Appellant first sought collateral relief on July 9, 1996. The court initially appointed the public defender's office, which withdrew based on having represented Appellant during litigation of his post-sentence motions and direct appeal. Thereafter, the court appointed substitute counsel who filed a motion to withdraw and no-merit letter. The PCRA court granted counsel's request on July 3, 1997, but did not issue a notice of intent to dismiss until October 30, 1997. In that interim, Appellant filed a *pro se* response asserting a new issue, namely, that a witness received leniency in exchange for his testimony. The PCRA court then reappointed counsel and directed him to investigate this allegation. Counsel again filed a no-merit letter. The court again allowed counsel to withdraw. It subsequently issued a notice of dismissal and Appellant filed a response. Ultimately, the court dismissed Appellant's first petition on November 24, 1998. This Court affirmed, and our Supreme Court denied allowance of appeal. *Commonwealth v. Short*, 748 A.2d 1255 (Pa. Super. 1999), *appeal denied*, 757 A.2d 931 (Pa. 2000).

Thereafter, on April 4, 2001, Appellant filed a second counseled PCRA petition. Following the submission of an amended petition by Appellant and the Commonwealth's answer, the PCRA court filed a notice of intent to dismiss. A final order followed and this Court affirmed on appeal. *Commonwealth v. Short*, 832 A.2d 543 (Pa. Super. 2003) (unpublished memorandum).

Appellant again, with the aid of counsel from his second PCRA proceeding, sought PCRA relief on November 26, 2003. The court issued a notice of dismissal and a final order. On appeal, this Court affirmed and the Supreme Court denied allowance of appeal. *Commonwealth v. Short*, 880 A.2d 12 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 887 A.2d 769 (Pa. 2005). On July 17, 2007, Appellant, still with the assistance of counsel from his prior two PCRA matters, filed his fourth PCRA petition. The court filed a notice of dismissal and final order and Appellant appealed. This Court again affirmed and Appellant did not seek further review. *Commonwealth v. Short*, 970 A.2d 478 (Pa. Super. 2009) (unpublished memorandum).

> Appellant, acting *pro se*, filed his fifth … petition on June 6, 2011. The court issued Pa.R.Crim.P. 907 notice of intent to dismiss on January 18, 2013. Appellant responded, and the court filed its final order on February 11, 2013.

*Commonwealth v. Short*, 96 A.3d 1095 at *1-3 (Pa. Super., filed January 28, 2014) (unpublished memorandum) (footnote omitted). This Court affirmed on appeal and Appellant did not seek review with our Supreme Court. *See id*.

Appellant filed the underlying *pro se* PCRA petition – his *sixth* – on March 9, 2014. Appellant filed a supplemental PCRA petition on March 13, 2014, and the Commonwealth filed a response thereto on May 19, 2014. The PCRA court subsequently issued notice of its intent to dismiss Appellant's petition without a hearing, and on June 10, 2014, the court issued a final order dismissing Appellant's petition. This timely appeal followed.

Appellant raises a single issue for our review: that "[t]he PCRA court erred when it failed to conduct an evidentiary hearing before it denied Appellant's PCRA petition ruling that the[]newly discovered evidence issue did not have any merit." Appellant's Brief at 3.

Before we may address the merits of a PCRA petition, we must first consider the petition's timeliness because it implicates the jurisdiction of both this Court and the PCRA court. *See Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa. Super. 2011), *appeal denied*, 50 A.3d 121 (Pa. 2012). "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." *Id*. (citation omitted). The PCRA "confers no authority upon

this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar[.]" *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). This is to "accord finality to the collateral review process." *Id*. (citation omitted). "A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." *Commonwealth v. Harris*, 972 A.2d 1196, 1199-1200 (Pa. Super. 2009). A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).

There is no dispute that the instant PCRA petition is untimely. However, Appellant claims that he benefits from the newly discovered facts exception to the PCRA timebar under Section 9545(b)(1)(ii). We note that,

> [t]he timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa.Super.2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 566 Pa. 323, 330–31, 781 A.2d 94, 98 (2001); *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa.Super.2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011). This rule is strictly enforced. *Id*. Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known

facts." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis in original).

***Commonwealth v. Brown***, 111 A.3d 171, 177 (Pa. Super. 2015).

Appellant maintains that an affidavit from a juror who participated in his 1991 trial meets the newly discovered fact exception. The affidavit, dated November 18, 2013, is from James S. Held. The statement indicates the following exchange occurred between Held and a private investigator.

Q: Did the Jury Foreman, Mr. Robert Milliken bring information in, into the Jury in the back, while you were deliberating?

A: Actually he brought it in, while the trial was still going on. I think it was about midway. It seemed like it was midway through the trial.

Q: And the Judge was mad about this afterwards?

A: Oh, yea, definitely.

Q: So this was during deliberations, he allegedly brought in, uh, the definition of intent?

A: Um hmm.

Q: Yes or no?

A: Yes, yes.

Q: Ok, OK, and also this did affect quite possibly the Jurors' deliberation?

A: Very possible, sure.

Q: Sir uh, let me ask you one other question, also after the deliberation was over, did the Judge get, go into the Defendant's background?

A: Yes well, initially he thanked us you know, for, for, doing the job that we did, and he did, made a comment that uh, that they were looking to get him for some time.

***See*** PCRA Petition, Exhibit 1, Held Affidavit.

Appellant acknowledges that the issue regarding the juror was known *at the time of trial*, and in fact, was the *basis for Appellant's motion for a mistrial*, which the trial court ultimately denied. Appellant now argues that the affidavit disproves the foreman's contention at trial that he did not share the outside legal definitions with other jurors, and that Appellant should therefore be warranted a new trial. **See** Appellant's Brief at 13. We disagree.

The affidavit fails to satisfy the newly discovered fact exception on multiple levels. Although Appellant avers that the affidavit "has just recently become available," Appellant's Brief at 23, he does not demonstrate that he "could not have learned those facts earlier by the exercise of due diligence." **See Brown**, **supra**. Quite simply, Appellant does not explain why he was unable to uncover these facts in the preceding 24 years since his conviction. Appellant further fails to establish that he filed his PCRA petition based on this evidence within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2). The affidavit in question, which is dated November 18, 2013, memorializes a conversation which occurred on November 11, 2013. Appellant did not file the instant PCRA petition until March 9, 2014 – well over 60 days past the date on which the conversation occurred.

For these reasons, Appellant fails to satisfy the newly discovered facts exception to the PCRA timebar, and his petition is patently untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/20/2015