J-S21013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID R. WINWOOD | |
| Appellant | No. 957 WDA 2016 |

Appeal from the PCRA Order May 11, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012033-1985

BEFORE:  LAZARUS, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 20, 2017**

David R. Winwood appeals *pro se* from the trial court's order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Winwood's petition is patently untimely and he does not meet a time-bar exception under the PCRA.  Thus, we affirm.

In 1986, Winwood was found guilty of rape, statutory rape, sexual abuse of children, involuntary deviate sexual intercourse, and indecent assault, spousal sexual assault, and simple assault; the victims of his criminal behavior were his wife and step-children.  On April 17, 1987, Winwood was sentenced to an aggregate term of 32-64 years'

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

imprisonment. Winwood filed an unsuccessful direct appeal, *Commonwealth v. Winwood*, 3551 A.2d 589 (Pa. Super. 1988) (unpublished memorandum) and petition for allowance of appeal with the Pennsylvania Supreme Court. *See Commonwealth v. Winwood*, 559 A.2d 37 (Pa. filed July 16, 1989).

On October 8, 1995, Winwood filed a *pro se* PCRA petition; counsel was appointed and filed an amended petition on his behalf. On June 6, 1996, the court dismissed the petition without a hearing. Winwood filed an appeal from that decision; our Court affirmed the dismissal of his petition on January 17, 1997. *See Commonwealth v. Winwood*, No. 01241 Pittsburgh 1996 (Pa. Super. filed Jan. 17, 1997). On February 18, 1997, Winwood filed a petition for allowance of appeal, which the Supreme Court denied on January 13, 1998.

On November 23, 2015, Winwood filed the current *pro se* PCRA petition, his second. Counsel was appointed, but was granted leave to withdraw. On January 27, 2016, the court appointed Attorney Brian McDermott to represent Winwood. Attorney McDermott filed a motion to withdraw. On April 25, 2016, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Winwood's PCRA petition without a hearing. On May 12, 2016, the court granted counsel's request to withdraw and dismissed Winwood's petition as untimely. Winwood filed a timely *pro se* notice of

appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.

In his petition, Winwood raises claims of counsel's ineffectiveness, the unconstitutionality of his sentence as a result of improper charging and illegal informations, and an alleged new fact -- the lack of indications of trauma in one of the victim's medical records from 1985. Because Winwood's petition is facially untimely and he has failed to plead and prove a recognized exception to the PCRA's timeliness requirements, the trial court properly dismissed his petition.[2]

Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the time requirement, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i),(ii), and (iii). Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition will be considered timely. These exceptions include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized

---

[2] The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012).

constitutional right.  **_See Commonwealth v. Gamboa-Taylor_**, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1).  A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." **_Id._**; **_see also_** 42 Pa.C.S.A. § 9545(b)(2).  The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.  **_Commonwealth v. Robinson_**, 837 A.2d 1157 (Pa. 2003).

Instantly, Winwood's judgment of sentence became final on July 16, 1989, when his time for filing a writ of certiorari to the United States Supreme Court had expired.  **_See_** 42 Pa.C.S.A. § 9545 (b)(3); Sup. Ct. R. 13.  Thus, Winwood had one year from that date, or until July 16, 1990, to file a timely PCRA petition.  **_See_** 42 Pa.C.S.A. § 9545(b).  Winwood did not file the instant petition until November 23, 2015, more than twenty-five years after his judgment of sentence became final.  Thus, his petition is patently untimely.

Nevertheless, Winwood attempts to invoke an exception to the time restrictions of the PCRA, specifically the exception contained in 42 Pa.C.S.A. § 9545(b)(1)(ii).  Under section 9545(b)(1)(ii), a petitioner must allege and prove that "the facts under which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." **_Id._**  **_See Commonwealth v. Bennett_**, 930 A.2d 1264, 1272 (Pa. 2007) (under subsection (b)(1)(ii), "[d]ue diligence demands that the

petitioner take reasonable steps to protect his own interests . . . [by] . . . explain[ing] why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.").

Winwood's assertions that he was improperly charged and that the information was illegally obtained, rendering an inconsistent and unconstitutional verdict, do not fit within an exception to the PCRA time bar. Moreover, Winwood's claim that trial counsel was ineffective for failing "to examine and pursue [the] records/documents from the medical exam . . . of the alleged victim," Appellant's Brief, at 12, is nothing more than a veiled attempt to invoke our review of an ineffectiveness claim in his otherwise untimely filed petition. *See Commonwealth v. Lesko*, 15 A.3d 345 (Pa. 2011) (defendant's efforts to couch claims in terms of ineffectiveness of counsel cannot save otherwise untimely petition). It is well-settled that ineffectiveness claims are not a covered exception to the timing requirements of the PCRA. *See Commonwealth v. Breakiron*, 781 A.2d 94 (Pa. 2001). Rather, Winwood should have raised counsel's ineffectiveness in a prior, timely petition.

Finally, Winwood does not explain when he discovered the victim's medical record, why the existence of these medical records were unknown to him at the time of trial, and why they could not have been obtained earlier by the exercise of due diligence. *Bennett*, *supra*. Accordingly, the PCRA court properly dismissed Winwood's petition as untimely and correctly

determined that he failed to plead and prove a PCRA exception under section 9545(b)(1). **Johnston**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2017