J-A25044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEITH HARRIS | |
| Appellant | No. 1907 EDA 2016 |

Appeal from the PCRA Order entered May 18, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1202181-1993

BEFORE:  OTT, STABILE, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 11, 2018**

Appellant, Keith Harris, appeals from the May 18, 2016 order entered in the Court of Common Pleas of Philadelphia County, dismissing his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The factual and procedural background can be summarized as follows.[1] On March 3, 1995, following a jury trial, Appellant was convicted of first degree murder, possession of an instrument of crime, and criminal conspiracy in connection with the murder of Wendy Glover in 1993.  On November 30, 1995,

---

[*] Former Justice specially assigned to the Superior Court.

[1] Unless otherwise stated, the factual and procedural history has been taken from our memorandum issued in connection with Appellant's second PCRA petition. **See Commonwealth v. Harris**, No. 3025 EDA 2008, unpublished memorandum (Pa. Super. filed June 8, 2010).

Appellant was sentenced to a mandatory term of life imprisonment on the murder conviction, 5 to 10 years on the criminal conspiracy conviction, and 2½ to 5 years on his conviction for possession of an instrument of crime, the lesser sentences to be served concurrently with Appellant's life sentence. We affirmed the judgment of sentence on January 9, 1998. The Supreme Court denied Appellant's petition for allowance of appeal on June 4, 1998.

Appellant timely filed his first PCRA petition, which the PCRA court denied on June 4, 2001. This Court affirmed the PCRA court's order on March 26, 2002. The Supreme Court denied Appellant's petition for allowance of appeal on August 15, 2002.

Appellant filed his second PCRA petition on March 2, 2006, which the PCRA court dismissed on September 24, 2008. We affirmed the PCRA court's order dismissing Appellant's second PCRA petition on June 8, 2010. The Supreme Court denied Appellant's petition for allowance of appeal on December 1, 2010.

Appellant filed the instant PCRA petition, his third, on August 8, 2012, which Appellant amended on August 4, 2015.[2] The PCRA court dismissed it on May 18, 2016. This appeal followed.

---

[2] The petition, as amended, includes, *inter alia*, a forensic document examiner report and a statement (supported by affidavits) from a co-conspirator exonerating Appellant. We will address the content of the report and the statement shortly.

On appeal, Appellant argues the PCRA court erred in not allowing him to amend his PCRA petition to supplement the timeliness of his amended petition and that the PCRA court erred in finding the petition untimely.[3] In support of the timeliness of his current PCRA petition, Appellant argues that he met the newly-discovered fact exception to the general timeliness rule on two grounds. First, he argues that the report prepared by the forensic document examiner revealed that the "property seized" section of the three search warrants issued in connection with the underlying investigation was authored by one individual. In Appellant's view, this fact was evidence of law enforcement misconduct, qualifying as a newly discovered fact. Appellant also argues that the co-conspirator's statement allegedly exonerating Appellant also qualified as a newly-discovered fact. We disagree.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are

---

[3] It is undisputed the instant PCRA petition is facially untimely. Appellant's sentence became final on September 2, 1998, 90 days after our Supreme Court denied allocatur. **See** 42 Pa.C.S.A. § 9545(b)(3), U.S.Sup.Ct. Rule 13. The only matter at issue here is whether Appellant pled and proved any of the exceptions to the general timeliness rule. **See** 42 Pa.C.S.A. § 9545(b)(1).

jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. ***See Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008) (consideration of ***Brady*** claim separate from consideration of its timeliness).

At issue here is the timeliness exception set forth in Section 9545(b)(1)(ii),[4] which requires a petitioner to plead and prove two components: 1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. ***See Commonwealth v. Burton***, 158 A.3d 618, 638 (Pa. 2017).

As noted, under the above exception, a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence. ***See Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001). Due diligence demands the petitioner to take reasonable steps to protect his own interests. ***See Commonwealth v. Carr***, 768 A.2d 1164,

---

[4] Appellant mentions throughout the brief the governmental interference exception (42 Pa.C.S.A. § 9545(b)(1)(i)). However, the argument is focused mainly on the after-discovered exception. Accordingly, we will address Appellant's argument as raising the after-discovered exception.

1168 (Pa. Super. 2001). This standard, however, does not require "perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Commonwealth v. Shiloh**, 170 A.3d - 553, 558 (Pa. Super. 2017) (citation omitted). Additionally, "[t]he focus of the exception is on [the] newly discovered *facts,* not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (emphasis in original) (citation omitted).

As noted, Appellant first argues that the forensic analysis of the "property seized" section of the search warrants issued in connection with the underlying investigation revealed that those sections of the warrants were signed by the same person. According to Appellant, this is evidence of forgery and false testimony by law enforcement, qualifying as newly-discovered fact exception. Because he timely acted on that information, Appellant argues his third PCRA petitions is timely under either exception. We disagree.

As the PCRA court cogently recognized,

[d]espite [Appellant]'s argument, nothing about the essential facts relating to the search warrants have changed. The only new evidence is the examiner's analysis of those facts. Although her opinion might be "after-discovered" in the sense that no one solicited it for trial, the evidence on which the opinion is based is the same today as it was in 1993. Had [Appellant] chosen to do so, he could have called expert witnesses to testify in a manner consistent with [the report]. Furthermore, [Appellant] did not suggest that the technique employed by [analyst] was recently developed.

PCRA Court Opinion, 9/21/16, at 7.

We agree with the PCRA court's analysis and conclusion that Appellant failed to plead and prove the analyst's report detailed a previously unascertainable fact. *Id.* at 6.

Appellant next argues that the statement from a co-conspirator constituted a newly-discovered fact for purposes of the PCRA. The PCRA Court aptly noted:

> [Appellant] presented an affidavit from co-conspirator Lamonz Santos indicating that [Appellant]'s participation in the murder was coerced by co-conspirator Robert Innis. Not only was this information known to [Appellant] at trial, he was in fact tried separately and testified to the actions of his co-conspirators in [an] attempt to substantiate his duress defense. Santos' statement was therefore merely a new source of this information.
>
> Additionally, even if Innis' threats constituted previously unknown facts, [Appellant] failed to demonstrate that such facts were previously unascertainable with the exercise of due diligence. Because both Santos and Innis were known sources of this information, [Appellant] was obliged to demonstrate reasonable efforts to engage each of them. [Appellant]'s complete failure to even acknowledge his obligation with respect to Innis was fatal to his petition.
>
> Furthermore, even the affidavits detailing efforts to obtain Santos' cooperation were unsatisfactory. Specifically, the ten-year period between 1995 and 2005 was insufficiently addressed. [Appellant]'s mother, Rose Harris, indicated that she has been "writing Santos since 1995." Given that Mrs. Harris' affidavit was authored in 2015 and omitted the frequency of her correspondence(s), it failed to establish that she had sent any letters after her initial attempt in 1995. Santos' affidavit is equally imprecise stating only that [Appellant]'s family has reached out on "numerous occasions over the years." [Appellant]'s presentment of co-conspirator's statement and supporting

affidavits were therefore unavailing for purposes of 42 Pa. Cons. Stat. § 9545(b)(1)(ii).

Trial Court Opinion, 9/21/16, 5-6 (citations omitted). We agree with the PCRA court that the information disclosed in the co-conspirator's statement was already known to Appellant and that, to the extent it was unknown to him, Appellant failed to show due diligence in pursuing the matter. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/18