J-S27045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIE STOKES, | : | |
| | : | |
| Appellant | : | No. 3437 EDA 2017 |

Appeal from the PCRA Order September 29, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0606661-1984

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                          **FILED OCTOBER 24, 2018**

Appellant Willie Stokes appeals from the Order dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely.  We affirm.

The underlying facts and procedural history are as follows.  In 1984, the trial court sentenced Appellant to a term of life imprisonment after a jury found him guilty of First-Degree Murder in connection with the 1980 shooting death of Leslie Campbell.  This Court affirmed the Judgment of Sentence, and the Pennsylvania Supreme Court denied allowance of appeal on April 1, 1987. **Commonwealth v. Stokes**, 512 A.2d 54 (Pa. Super. 1986), *appeal denied*, 527 A.2d 539 (Pa. 1987).  He did not seek a writ of *certiorari* with the U.S. Supreme Court; thus, his Judgment of Sentence became final on June 1, 1987. **See** 42 Pa.C.S. § 9545(b)(3); U.S. Supreme Court Rule 13 (providing that a

petition for writ of *certiorari* is deemed timely when filed within 60 days after discretionary review is denied by the Pennsylvania Supreme Court).[1]

Appellant subsequently filed five unsuccessful PCRA Petitions. On November 9, 2015, he filed the instant PCRA Petition followed by a Supplemental PCRA Petition on November 30, 2015, in which he asserted that in September 2015 he learned through George Sanders that Franklin Lee, who testified at Appellant's preliminary hearing and trial, had pleaded guilty shortly after the 1984 trial to perjury arising out of Lee's preliminary hearing testimony.

The Commonwealth filed a Motion to Dismiss on October 5, 2016.[2] The PCRA court conducted a hearing limited to the timeliness of this sixth Petition. On August 4, 2017, the PCRA Court filed a Pa.R.Crim.P. 907 Notice indicating its intent to dismiss the Petition without a hearing on the merits. Appellant

---

[1] U.S. Supreme Court Rule 13, effective January 1, 1990, was preceded by U.S. Supreme Court Rule 20, which was applicable to the instant case. In 1987, Rule 20 required the filing of a petition for writ of *certiorari* within 60 days of the order denying discretionary review by the state court of last resort.

[2] In its Motion to Dismiss, the Commonwealth asserted not only that the Petition was untimely without exception, but also that the issue of Lee's dishonesty had been litigated in four previous PCRA Petitions, and Appellant did not explain why he could not have obtained the publically-available information prior to September 2015 since the dates on the perjury complaint and information are August 28, 1984, and October 24, 1984, respectively. Motion to Dismiss, filed 10/05/16, at 8-13.

did not respond to the Rule 907 Notice, and on September 29, 2017, the PCRA Court dismissed the Petition. Appellant timely appealed.

Appellant raises one question for our review: "Whether the PCRA Court erred by discrediting [Appellant's] claim that Franklin Lee's perjury conviction remained unknown for over thirty years without first holding a hearing?" Appellant's Brief at 7.

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain his PCRA Petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court may not address the merits of the issues raised if the petitioner did not timely file the PCRA petition. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

The instant Petition, filed over thirty years after Appellant's Judgment of Sentence became final, is patently untimely. Pennsylvania courts may

consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Appellant asserted in his amended PCRA Petition that the newly discovered fact exception provided in Section 9545(b)(1)(ii) applies because he learned on September 29, 2015, through a letter from George Sanders, that Lee had been convicted of perjury shortly after Appellant's trial for lying at Appellant's preliminary hearing in 1984.

In order to establish a court's jurisdiction under Section 9545(b)(1)(ii), a petitioner must plead and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). Due diligence requires that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). In relying on this exception, a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001); *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010). This rule is strictly enforced. *Id.* "[T]he 'new facts' exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim." *Commonwealth v. Brown*, 111 A.3d 171, 177 (Pa. Super. 2015) (citation and footnote omitted).

In the instant case, after reviewing the case law applicable to the ascertainment of facts from public records, the PCRA court concluded that Appellant had not satisfied the due diligence requirement of the newly discovered fact exception, stating:

> In applying this precedent, this Court simply cannot find that Lee's perjury conviction, as a public record, remained unknown to [Appellant] for over thirty years and *over the course of many counseled post-trial proceedings*. [Appellant] has had the assistance of counsel throughout his appeal and several of his six PCRA petitions and, as such, does not embody the incarcerated *pro se* petitioner with compromised access to public records contemplated in the **Bennett**[3] and **Burton**[4] holdings. Accordingly, this Court concludes that [Appellant's] claims of newly discovered facts do not satisfy the mandates of 42 Pa.C.S. § 9545(b)(1)(ii) and, thus, the instant petition is untimely filed and must be dismissed.

PCRA Court Opinion, 9/29/17, at 6-7 (italics in original).

We agree with the PCRA court's assessment. Appellant had over thirty years and the assistance of several lawyers to ascertain the fact of Lee's perjury conviction. He failed to show that he acted with due diligence in ascertaining that information.

_____

[3] **Commonwealth v. Bennett**, 930 A.2d 1264, 1274-75 (Pa. 2007) (concluding that the petitioner had been abandoned by counsel and the public records at issue were not within the imprisoned petitioner's access).

[4] **Commonwealth v. Burton**, 158 A.3d 618, 638 (Pa. 2017) (holding that there is no presumption that a public record imputes knowledge to an incarcerated *pro se* petitioner, and directing PCRA courts to consider "whether, if the facts were unknown to the petitioner, the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records.").

Moreover, Appellant annexed to his PCRA Petition filed January 21, 2005, an affidavit from Lee, dated October 19, 2005, in which Lee stated that his preliminary hearing testimony was false. *See Commonwealth v. Stokes*, No. 272 EDA 2006 (Pa. Super. filed Oct. 30, 2008). Thus, even if Appellant was not aware of Lee's perjury conviction in 1984, Appellant's 2005 Petition indicates that he knew Lee had perjured himself. Appellant could easily have ascertained, with any sort of diligence, the fact that Lee had suffered punitive consequences because of his perjury before another ten years had passed.[5]

Accordingly, he has failed to prove that his Petition falls within the timeliness exception provided in 42 Pa.C.S. § 9545(b)(1)(ii).

Because Appellant's petition is untimely, this Court is without jurisdiction to review the merits of his underlying claim.[6]

_____

[5] In addition, as we noted in 2008, Lee recanted his preliminary hearing testimony at Appellant's trial, and admitted that he had lied both to police officers and under oath. Thus, as we stated in 2008, the fact of Lee's allegedly false testimony made under oath is not a new "fact," and the fact that Lee suffered consequences for perjuring himself does not make it a new fact that renders Appellant's Petition timely.

[6] We note that, although the Commonwealth initially filed a Motion to Dismiss the PCRA Petition acknowledging the courts' lack of jurisdiction under the PCRA's timeliness requirements, in its Appellee Brief it nonetheless requests a remand for a hearing. The Commonwealth argues that Lee testified at trial that his preliminary hearing testimony was a lie, and then, after trial, the Commonwealth charged Lee with perjury for that preliminary hearing testimony. The Commonwealth now asserts that "[i]f the Commonwealth believed that Lee's preliminary hearing testimony was false and if the

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/24/18

---

Commonwealth never disclosed that fact to the defense, then it would be inappropriate to dismiss Appellant's petition on procedural grounds." Appellee's Brief at 10-11. The problem with the Commonwealth's argument is that the Commonwealth is asking us to disregard the fact that the trial court found that Appellant failed to act with "due diligence" and thus, lacks jurisdiction to review the PCRA petition. There is no legal authority that permits this court to ignore the jurisdictional limits that the legislature has placed on a PCRA petition when the Commonwealth belatedly requests that we do so. If a petitioner fails to meet the jurisdictional requirements of Section 9545, we are bound to find that the trial court lacked jurisdiction, regardless of the change of position of the Commonwealth.