J-S12038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARVELL RICE | : | |
| | : | |
| Appellant | : | No. 1065 EDA 2021 |

Appeal from the PCRA Order Entered May 3, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1215161-1990

BEFORE:  BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 17, 2022**

Appellant, Carvell Rice, appeals *pro se* from the May 3, 2021 Order entered in the Philadelphia County Court of Common Pleas dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely.  After careful review, we affirm.

On December 2, 1991, a jury convicted Appellant of Second-Degree Murder, Robbery, Possessing an Instrument of Crime ("PIC"), and Criminal Conspiracy.  The court sentenced him to a term of life imprisonment.[1] This Court affirmed Appellant's judgment of sentence on November 21, 1995, and our Supreme Court denied *allocatur*.  **See Commonwealth v. Rice**, 673 A.2d 404 (Pa. Super. 1995) (unpublished memorandum), *allocatur denied*, 675

---

[1] The court also imposed concurrent sentences of 5 to 10 years' incarceration and 2½ to 5 years' incarceration for Appellant's Conspiracy and PIC convictions, respectively.

A.2d 1256 (Pa. 1996). Appellant's judgment of sentence became final on July 10, 1996. *See* 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13(1).

Appellant filed three prior petitions seeking post-conviction relief, none of which garnered relief.

On June 29, 2015, almost 20 years after his judgment of sentence became final, Appellant *pro se* filed the instant PCRA Petition, his fourth. On October 7, 2015, Appellant *pro se* filed a Supplemental PCRA Petition. In his Petition and Supplemental Petition, Appellant asserted that the Commonwealth violated his constitutional right to confront his accuser by failing to present Philadelphia Police Detective Richard Tyer—the author of and affiant to the criminal complaint in this matter—as a witness at Appellant's trial. Petition, 6/29/15, at 5-7 (unpaginated). Appellant also claimed that his trial counsel had been ineffective for failing to investigate and request copies of the criminal complaint and affidavit of probable cause. *Id.* at 8-9. Appellant acknowledged the patent untimeliness of his Petition but invoked the "new facts" and "governmental interference" exceptions to the PCRA's time-bar. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(ii). In support of his invocation of the "new facts" exception, Appellant appended to his Petition copies of his criminal complaint, Right to Know request forms, and correspondence between Appellant and the Pennsylvania Office of Open Records. Petition at Exh.

On March 25, 2021, the PCRA court notified Appellant of its intent to dismiss Appellant's Petition without a hearing pursuant to Pa.R.Crim.P. 907.

The court noted that Appellant's Petition was untimely, and that Appellant had failed to plead and prove an applicable exception to the PCRA's jurisdictional time-bar. Appellant did not file a response to the court's Rule 907 Notice. On May 3, 2021, the PCRA court dismissed Appellant's Petition as untimely.

This timely *pro se* appeal followed. The PCRA court prepared a Pa.R.A.P. 1925(a) opinion but did not order Appellant to file a Rule 1925(b) Statement.

Appellant raises the following four issues for our review:

1. Whether Appellant satisfied 42 Pa.C.S. § 9545(b)(1)(ii) which gives the PCRA court jurisdiction over all claims under its subsection?

2. Whether the lower court's "independent review" was contrary to or involved an unreasonable application of clearly established federal law, where both lower court judge[']s determination had no basis with Appellant's sixth amendment confrontation clause claim?

3. Whether trial counsel rendered ineffective assistance [by] failing to protect Appellant[']s fourth and sixth amendment constitutional rights, and failure to seek disclosure and review the criminal complaints and affidavits of probable cause?

4. Whether Appellant[']s fourth and fourteenth amendment constitutional rights were violated[] when Appellant was arrested absent affidavits of probable cause?

Appellant's Brief at 7.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's claims, however, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. Under

the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court may not address the merits of the issues raised if the petitioner did not timely file the PCRA petition. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). In fact, no court has jurisdiction to review the merits of the claims raised in an untimely PCRA Petition. *Commonwealth v. Lambert*, 884 A.2d 848, 851 (Pa. 2005).

Appellant has conceded that his Petition is untimely but invokes the timeliness exception under Section 9545(b)(1)(ii).[2] To satisfy this exception, a petitioner must plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Our Supreme Court has held that this exception "does not require any merits analysis of the underlying claim." *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa.

---

[2] As noted above, in his Petition, Appellant also invoked the "governmental interference" exception set forth at Section 9545(b)(1)(i). In his Brief, however, he confines his argument to applicability of the "new facts" exception to the PCRA's time-bar. Thus, we conclude that Appellant has abandoned his claim that the "governmental interference" exception excuses the untimeliness of the Petition and we do not consider it.

2007). Rather the exception merely requires the petitioner to plead and prove two elements: "1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." *Id.* at 1272 (internal quotation marks omitted), citing 42 Pa.C.S. § 9545(b)(1)(ii).

Due diligence requires a petitioner to make reasonable efforts to uncover facts that may support a claim for collateral relief. ***Commonwealth v. Burton***, 121 A.3d 1063, 1071 (Pa. Super. 2015). Moreover, a petitioner must explain why he could not have learned the new facts earlier by exercising due diligence. ***Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001).

Notably, a petitioner does not satisfy the Section 9545(b)(1)(ii) time-bar exception where he merely alleges a newly discovered or newly willing source for previously known facts. ***Commonwealth v. Marshall***, 947 A.2d 714, 721 (Pa. 2008).

Here, Appellant claimed that he discovered that Detective Tyer, the affiant of the criminal complaint, was not called as a witness at trial and supported the claim with the purported "new evidence" of, *inter alia*, the criminal complaint.

The PCRA court concluded that Appellant had not satisfied the "new facts" exception to the PCRA's time-bar because Appellant failed to demonstrate that the "fact" that the Commonwealth did not call Detective Tyer as a witness was not previously unknown to Appellant. Rule 907 Notice, 3/25/21, at 2; PCRA Ct. Op., 5/19/21, at 1. We agree.

Moreover, we observe that the criminal complaint and affidavit of probable cause Appellant claims to have just "discovered" would have been readily available to him at the time of trial. Further, Appellant did not explain why he could not discover earlier the documents upon which he relies to support his claim. Appellant has simply failed to proffer any evidence to demonstrate that he made any effort to obtain the criminal complaint or related documents, or the information contained in them, at an earlier time. Thus, even if Appellant had discovered a "new fact," Appellant has failed to plead and prove that he could not have ascertained this information by the exercise of due diligence.

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1) and properly dismissed Appellant's Petition as untimely.

We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2022