J-S28040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALFRED ALONZO MAYO, | : | |
| | : | |
| Appellant | : | No. 1820 MDA 2017 |

Appeal from the PCRA Order November 9, 2017
in the Court of Common Pleas of Schuylkill County,
Criminal Division at No(s):  CP-54-CR-0001538-2008,
CP-54-CR-0001540-2008

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 19, 2018**

Alfred Alonzo Mayo ("Mayo") appeals, *pro se*, from the Order dismissing his Petition for writ of *habeas corpus ad subjiciendum*.[1]  We affirm.

In March 2010, a jury convicted Mayo of possession with intent to deliver a controlled substance (crack cocaine), possession of a controlled substance (crack cocaine), and criminal use of a communications facility.  **See** 35 P.S. §§ 780-113(a)(30), (16); 18 Pa.C.S.A. § 7512.   The trial court sentenced

_____

[1] The Post Conviction Relief Act ("PCRA") court properly addressed Mayo's *habeas corpus ad subjiciendum* Petition, which was filed after the judgment of sentence became final, under the PCRA, as Mayo only raised ineffective assistance of counsel claims.  **See Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007) (stating that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment.") (emphasis omitted); **id.** (noting that all claims of ineffective assistance of counsel are cognizable under the PCRA); **see also** 42 Pa.C.S.A. § 9542.

Mayo to an aggregate prison term of six to twelve years. On May 24, 2011, this Court affirmed the judgment of sentence. *See Commonwealth v. Mayo*, 30 A.3d 547 (Pa. Super. 2011) (unpublished memorandum). Mayo did not seek allowance of appeal with the Pennsylvania Supreme Court.

In August 2011, Mayo filed his first PCRA Petition, which the PCRA court denied. This Court affirmed the PCRA court's denial, and the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Mayo*, 81 A.3d 1001 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 85 A.3d 483 (Pa. 2014).

Mayo filed a second PCRA Petition in October 2016, and the PCRA court dismissed it as untimely. This Court dismissed Mayo's appeal for failure to file a brief.

On October 31, 2017, Mayo filed the instant Petition for writ of *habeas corpus ad subjiciendum*, his third PCRA Petition. The PCRA court dismissed the Petition. Mayo filed a timely appeal.

This Court's standard of review regarding a PCRA court's dismissal of a PCRA petition is whether the PCRA court's decision is supported by the evidence of record and is free of legal error. *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011).

Initially, all PCRA petitions, including second or subsequent petitions, must be filed within one year of the defendant's judgment of sentence becoming final. *See* 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final

- 2 -

at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

In this case, Mayo's judgment of sentence became final on June 23, 2011, after the time to seek review with the Pennsylvania Supreme Court had expired. *See* Pa.R.A.P. 1113(a). Accordingly, Mayo had until June 25, 2012, to file a timely PCRA petition.[2] *See* 42 Pa.C.S.A. § 9545(b)(1). Thus, Mayo's October 2017 Petition is facially untimely under the PCRA.

However, Pennsylvania courts may consider an untimely PCRA petition where the defendant can explicitly plead and prove one of three exceptions:

> (i)　　the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)　　the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[2] One year from the date Mayo's judgment became final was June 23, 2012, which falls on a Saturday. *See* 1 Pa.C.S.A. § 1908 (stating that if the last day of an appeal period falls on a Saturday or Sunday, such day(s) shall be omitted from the computation). Thus, a timely PCRA Petition must have been filed on or before June 25, 2012.

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

Here, Mayo does not plead or prove any of the above exceptions.[3]

Accordingly, the PCRA court properly dismissed the Petition.[4]

Order affirmed.


Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/19/2018

---

[3] Mayo's request for relief due to ineffective assistance of counsel does not implicate any of the timeliness exceptions. **_See Commonwealth v. Breakiron_**, 781 A.2d 94, 100 (Pa. 2001) (rejecting "attempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA petition.").

[4] Mayo's contention that the PCRA court erred by failing to provide notice pursuant to Pa.R.Crim.P. 907(1) is without merit. **_See Commonwealth v. Zeigler_**, 148 A.3d 849, 851 n.2 (Pa. Super. 2016) (stating that "failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely.").