J-S53018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHANIEL JACKSON | : | |
| | : | |
| Appellant | : | No. 2716 EDA 2017 |

Appeal from the PCRA Order July 31, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1300127-2006,
CP-51-CR-1300175-2006

BEFORE: GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY OTT, J.: **FILED SEPTEMBER 17, 2018**

Nathaniel Jackson appeals *pro se* from the order entered July 31, 2017, in the Court of Common Pleas of Philadelphia County, dismissing as untimely his second petition filed pursuant to the Pennsylvania Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.[1] Jackson seeks relief from the judgment of sentence of life imprisonment and a consecutive term of seven to 20 years, after he was convicted by a jury of first degree murder, robbery, possession

_____

* Retired Senior Judge assigned to the Superior Court.

[1] On June 28, 2018, the Commonwealth filed a notice pursuant to Rule of Professional Conduct 1.12(c)(2), informing this Court and Jackson that First Assistant District Attorney Carolyn Temin had previously participated as the trial judge in this case. The notice also states that First Assistant District Attorney Carolyn Temin "has disqualified and screened herself from any participation in this matter." **See** Pa. R. Prof. Conduct 1.12(c)(2).

of an instrument of crime, conspiracy, and carrying a firearm without a license.[2]   Jackson claims (1) he is entitled to an evidentiary hearing on his claim of newly discovered evidence, (2) he is entitled to a new trial based upon his claim of newly discovered evidence, and (3) he is entitled to a resentencing hearing based upon the United States Supreme Court decision in **Miller v. Alabama,** 567 U.S. 460 (2012).  Based upon the following, we affirm.

The facts underlying Jackson's conviction have been succinctly summarized by the PCRA court:

> [Jackson] was arrested and subsequently charged in connection with the shooting death of Kenna Carey on December 5, 2005, in the city and county of Philadelphia. [Jackson] was also charged with an incident occurring earlier in the day, in which a shotgun was fired into the residence of Ronald Long, also in the city and county of Philadelphia.

PCRA Court Opinion, 9/14/2017, at 1.

On October 10, 2007, a jury convicted Jackson of the above stated charges and the trial court sentenced him on December 18, 2007, to an aggregate term life imprisonment plus 7 to 20 years.  On July 20, 2009, this Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied Jackson's petition for allowance of appeal on December 31, 2009.

---

[2] 18 Pa.C.S. §§ 2502(a), 3701(a)(1)(i), 907(a), 903, 6106(a)(1), respectively.

*Commonwealth v. Jackson*, 981 A.2d 923 (Pa. Super. 2009), *appeal denied*, 989 A.2d 8 (Pa. 2009).

On July 26, 2010, Jackson filed his first PCRA petition, which was unsuccessful. *Commonwealth v. Jackson*, 82 A.3d 455 (Pa. Super. 2013), *appeal denied*, 86 A.3d 232 (Pa. 2014).

On July 16, 2015, Jackson filed the present PCRA petition. Jackson also submitted numerous supplemental filings, which the PCRA court reviewed jointly with the 2015 petition. *See* PCRA Court Opinion, 9/14/2017, at 2. On June 19, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition. On July 31, 2017, the PCRA court dismissed the PCRA petition as untimely. This appeal followed.[3]

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Cox*, 636 Pa. 603, 146 A.3d 221, 226 n.9 (Pa. 2016) (citation omitted).

We first address Jackson's claim that he is entitled to an evidentiary hearing based upon his claim of newly discovered evidence.

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). The judgment becomes final at the conclusion of direct review, including discretionary review in the

---

[3] The PCRA court did not order Jackson to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Supreme Court of the United States and the Supreme Court of Pennsylvania,

or at the expiration of time for seeking the review. 42 Pa.C.S. § 9545(b)(3).

Here, Jackson's judgment of sentence became final on March 31, 2010, 90

days after the Pennsylvania Supreme Court denied his petition for allowance

of appeal from his direct appeal, and he failed to petition for a *writ of certiorari*

in the United States Supreme Court. ***See*** U.S. Sup. Ct. Rule 13. Therefore,

Jackson had until March 31, 2011, to file a timely petition.  As such, Jackson's

present petition, filed July 16, 2015, is patently untimely.

Nevertheless, an untimely PCRA petition may still be considered if any

of the three time-for-filing exceptions applies. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-

(iii). Any petition raising a statutory exception must be filed "within 60 days

of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(3).

Here, Jackson's claim of newly discovered evidence implicates the unknown

facts exception to the PCRA's one-year time bar.  ***See*** 42 Pa.C.S. §

9545(b)(1)(ii).

With regard to Section 9545(b)(1)(ii), our Court has explained:

The timeliness exception set forth in Section 9545(b)(1)(ii)
requires a petitioner to demonstrate he did not know the facts
upon which he based his petition and could not have learned those
facts earlier by the exercise of due diligence. ***Commonwealth v.
Bennett***, 930 A.2d 1264, 1271 (Pa. 2007). Due diligence
demands that the petitioner take reasonable steps to protect his
own interests. ***Commonwealth v. Carr***, 768 A.2d 1164, 1168
(Pa. Super. 2001). A petitioner must explain why he could not
have learned the new fact(s) earlier with the exercise of due
diligence. ***Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa.
2001); ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa.

Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011). This rule is strictly enforced. ***Id.*** …

***Commonwealth v. Brown***, 111 A.3d 171, 176-77 (Pa. Super. 2015).

In support of his claim of newly discovered evidence, Jackson submitted an affidavit from Lynn Chamberlin, dated June 30, 2015, which he contends satisfies Section 9545(b)(1)(ii). The affidavit reads:

> I, Lynn Chamberlin, am willing and available to appear in a court of law, and testify on behalf of my claim that on the morning of December 5, 2005, Nathaniel Jackson did not own a shotgun and did not shoot at my grandfather, Ronald Long, through the window.  I was present that morning inside of my grandfather's house.
>
> After Nathaniel's trial in 2007, my grandfather told me that he lied on Nathaniel to get out of going to jail himself.  He was not fond of Nathaniel being my boyfriend and that he would get rid of Nathaniel by filing a false police report, if I did not end our relationship.  At the time, my grandfather owed money to other guys for buying crack cocaine and would not pay them.  Those guys are the ones that shot at my grandfather's front window.
>
> I, Lynn Chamberlin, do hereby verify that the facts set forth in the above statement are true and correct to the best of my knowledge, information and belief, and that any false statements made herein are made subject to the penalties of section 4904 of the Crimes Code (18 Pa.C.S. [§] 4904) relating to unsworn falsification to authorities.

Jackson's PCRA Petition, 7/16/2015, Exhibit "A".

In assessing import of the affidavit on Jackson's trial, the PCRA court explained:

> [Jackson's] trial consolidated two separate incidents, both occurring on December 5, 2005.  The first involved a shotgun being discharged into Mr. Long's residence that morning.  The second, involved the killing of Mr. Carrey with the use of a shotgun later that day.  They were consolidated as it was used to prove

[Jackson] was in possession of a shotgun on that day. The affidavit relates solely to the first incident, though [Jackson] contends that these allegations will call into question the determination of guilt in [the] second incident as well.

PCRA Court Opinion, 9/14/2017, at 5 n.8. Furthermore, the PCRA court

analyzed the affidavit as follows:

[E]ven if Long's statement to Chamberlin constituted a previously-unknown fact, [Jackson] failed to demonstrate that the information could not have been discovered earlier through the exercise of due diligence. Assuming that Chamberlin's statement is true, [Jackson] failed to demonstrate that this could not have been addressed earlier through the exercise of due diligence. [Jackson] indicated that he learned of Chamberlin's statement regarding Long through his brother, immediately obtained an affidavit and subsequently filed a *pro se* PCRA Petition, though he does not provide a date on which this statement was relayed to him. *See* [Jackson's] Response to [Rule] 907 Notice, 7/25/17 at exhibit "A." He presents this as evidence of his exercise of due diligence. Beginning in 2007, [Jackson] has known Long testified Chamberlin was present during the incident. However, there is no explanation as to why efforts were not made to investigate Chamberlin's version of the events, beginning in 2007. Assuming this recanted version is true, an exercise of due diligence would have resulted in Chamberlin presenting exculpatory evidence nearly a decade ago. While it may not have been possible to obtain the alleged recantation earlier with the exercise of due diligence, much stronger evidence in the form of Chamberlin's eye-witness testimony would have been obtainable since 2007. Thus, [Jackson's] failure to demonstrate due diligence between 2007 and 2015 was fatal to his attempt to satisfy subsection 9545(b)(1)(ii),

*Id.* at 5-6.

Based on our review of the record, the parties' briefs, and the relevant statutory and case law, we agree with the PCRA court's assessment. Chamberlin was Jackson's girlfriend, and Jackson was aware of Long's testimony, and he has failed to show why he could not have obtained the

information from Ms. Chamberlin sooner with the exercise of due diligence. *See Brown, supra*.[4]   Therefore, Jackson's petition does not fall within Section 9545(b)(1)(ii)'s timeliness exception.

In his final issue, Jackson contends that based upon the recent United States Supreme Court decisions in *Miller, supra,* and *Montgomery v. Louisiana,* 136 S. Ct. 718 (2016), he is entitled to review pursuant to the PCRA's exception for a newly recognized constitutional right, set forth at 42 Pa.C.S. § 9545(b)(1)(iii) ("the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively").

In *Miller, supra*, the United States Supreme Court held that "mandatory life without parole for those *under the age of 18* at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments." *Miller*, 567 U.S. at 465 (emphasis added). Subsequently, in *Montgomery, supra*, the United States Supreme Court decided the *Miller* holding was a new substantive right that, under the United States Constitution, must be applied retroactively in cases on state collateral review. *Montgomery*, 136 S.Ct. at 736.

---

[4] Because Jackson failed to satisfy the unknown facts exception, 42 Pa.C.S. § 9545(b)(1)(ii), we need not address his second issue wherein he contends he is entitled to a new trial based on the newly discovered evidence of Ms. Chamberlin.

Jackson's reliance on these decisions is misplaced. Jackson was **20 years old** when he committed the murder and therefore **Miller**, and by extension **Montgomery**, do not apply to him. **See Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016) (relying on the holding in **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013) "that petitioners who were older than 18 at the time they committed murder are not within the ambit of the **Miller** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)."). Accordingly, Jackson's petition does not fall within Section 9545(b)(1)(iii)'s timeliness exception.

In sum, because Jackson has failed to satisfy any exception to the PCRA's time bar, his petition is untimely and there is no jurisdiction to review this petition on the merits. Accordingly, we affirm the PCRA court's dismissal of Jackson's second PCRA petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/18

- 8 -