J-S13021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NASUIL MARTINEZ | : | |
| | : | |
| Appellant | : | No. 594 EDA 2020 |

Appeal from the PCRA Order Entered February 6, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002773-2011,
CP-51-CR-0002774-2011, CP-51-CR-0002775-2011,
CP-51-CR-0002804-2011, CP-51-CR-0011128-2011


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NASUIL MARTINEZ | : | |
| | : | |
| Appellant | : | No. 595 EDA 2020 |

Appeal from the PCRA Order Entered February 6, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002773-2011,
CP-51-CR-0002774-2011, CP-51-CR-0002775-2011,
CP-51-CR-0002804-2011, CP-51-CR-0011128-2011

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
         Appellee :
:
v. :
:
NASUIL MARTINEZ :
:
         Appellant : No. 596 EDA 2020

Appeal from the PCRA Order Entered February 6, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002773-2011,
CP-51-CR-0002774-2011, CP-51-CR-0002775-2011,
CP-51-CR-0002804-2011, CP-51-CR-0011128-2011


COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
         Appellee :
:
v. :
:
NASUIL MARTINEZ :
:
         Appellant : No. 597 EDA 2020

Appeal from the PCRA Order Entered February 6, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002773-2011,
CP-51-CR-0002774-2011, CP-51-CR-0002775-2011,
CP-51-CR-0002804-2011, CP-51-CR-0011128-2011

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                               :           PENNSYLVANIA
                    Appellee   :
                               :
              v.               :
                               :
NASUIL MARTINEZ                :
                               :
                    Appellant  :          No. 598 EDA 2020

Appeal from the PCRA Order Entered February 6, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002773-2011,
CP-51-CR-0002774-2011, CP-51-CR-0002775-2011,
CP-51-CR-0002804-2011, CP-51-CR-0011128-2011

BEFORE:  OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                        Filed: June 10, 2021

Appellant, Nasuil Martinez, appeals from the order entered in the

Philadelphia County Court of Common Pleas, denying his first petition brought

pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows:

> On November 6, 2013, following a three-day non-jury trial
> before this [c]ourt, [Appellant] was convicted [at multiple
> dockets] of one count of first-degree murder (18 Pa.C.S. §
> 2502), four counts of attempted murder (18 Pa.C.S. § 901),
> four counts of aggravated assault of a protected class
> member (18 Pa.C.S. § 2702), four counts of assault of a law
> enforcement officer (18 Pa.C.S. § 2702.1), one count of
> theft of a handgun (18 Pa.C.S. § 3921), one count of
> robbery (18 Pa.C.S. § 3701), and one count of possessing
> an instrument of crime (18 Pa.C.S. § 907).  On February 28,
> 2014, the [c]ourt imposed an aggregate sentence of life plus

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

80 to 160 years' incarceration in state prison. [Appellant] filed post-sentence motions, which the [c]ourt denied on May 27, 2014. On March 9, 2015, the Superior Court affirmed [Appellant]'s judgment of sentence. [Subsequently, Appellant wrote a letter to his appellate counsel and left a voicemail requesting that counsel file a petition for allowance of appeal with our Supreme Court. Appellant received a letter dated April 15, 2015, informing him that his messages had been forwarded to counsel and that Appellant was in "good hands." Appellant was further instructed to call again in two weeks if he did not hear back from counsel during that time. Nonetheless, no petition for allowance of appeal was filed.

Nearly four years later, on January 15, 2019, Appellant wrote a letter to the Supreme Court prothonotary's office inquiring as to the status of his appeal. Appellant received a letter in response on January 23, 2019, informing him that no appeals or petitions had been filed on his behalf.] [Appellant] filed a *pro se* petition under the [PCRA] on February 1, 2019[, alleging that counsel rendered ineffective assistance in failing to appeal to the Supreme Court as Appellant had requested]. On April 29, 2019, the [c]ourt appointed Coley Reynolds, Esquire, to represent [Appellant]. On May 31, 2019, pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988), Mr. Reynolds filed a motion to withdraw as counsel and a letter stating there was no merit to [Appellant]'s claim for relief. On June 27, 2019, the [c]ourt found the ***Finley*** letter to be insufficient, and directed counsel to further review the case. Mr. Reynolds then filed an amended petition on September 17, 2019 ("Amended Petition"), and a supplemental amended petition on November 21, 2019 ("Supplemental Amended Petition"). On December 17, 2019, the Commonwealth submitted a letter brief in response to [Appellant]'s submissions (collectively hereafter, "PCRA petition"). On December 19, 2019, after considering filings from both parties, the [c]ourt issued notice pursuant to [Pa.R.Crim.P.] 907 of its intent to dismiss [Appellant]'s PCRA petition as untimely. [Appellant] submitted a *pro se* response on January 8, 2020. On February 6, 2020, the [c]ourt dismissed [Appellant]'s PCRA petition without a hearing.

(PCRA Court Opinion, filed June 9, 2020, at 1-2) (internal citation omitted).

Appellant timely filed notices of appeal at each underlying docket on February 12, 2020.[2] The court ordered Appellant on February 13, 2020, to file concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on March 2, 2020. This Court consolidated Appellant's appeals *sua sponte* on March 27, 2020.

Appellant raises one issue on appeal:

> Did the PCRA court err by denying Appellant an evidentiary hearing and post-conviction relief on his claim alleging that counsel was ineffective for failing to file a petition for allowance of appeal to the Pennsylvania Supreme Court?

(Appellant's Brief at 5).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 359, 956 A.2d 978, 983 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review,

---

[2] Appellant listed all five underlying docket numbers on each notice of appeal, in violation of **Commonwealth v. Creese**, 216 A.3d 1142 (Pa.Super. 2019). Nevertheless, this Court has recently overruled **Creese** to the extent that it required the Superior Court to quash appeals when an appellant files multiple notices of appeal and each notice of appeal lists all of the underlying docket numbers. **See Commonwealth v. Johnson**, 236 A.3d 1141 (Pa.Super. 2020) (*en banc*), *appeal denied*, ____ Pa. ____, 242 A.3d 304 (2020). Thus, Appellant's notices of appeal are properly before us.

including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must present his claimed exception within the requisite statutory window. 42 Pa.C.S.A. § 9545(b)(2).

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 593 Pa. 382, 395, 930 A.2d 1264,

1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. ***Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa.Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. ***Commonwealth v. Breakiron***, 566 Pa. 323, 330-31, 781 A.2d 94, 98 (2001); ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa.Super 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011). This rule is strictly enforced. ***Id.*** Additionally, the focus of this exception "is on the newly discovered **facts**, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis in original). In other words, the "new facts" exception at:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

***Bennett, supra*** at 395, 930 A.2d at 1272 (internal citations omitted) (emphasis in original).

A common allegation of ineffective assistance of counsel, even if cast in the language of a statutory exception, does not generally establish jurisdiction over an otherwise untimely PCRA petition. ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 80, 753 A.2d 780, 785 (2000). In rare instances,

however, the law will allow a petitioner to proceed with a second, albeit untimely, PCRA petition, where a petitioner timely asserts the "newly-discovered facts exception" under 42 Pa.C.S.A. § 9545(b)(1)(ii), claiming specific abandonment of counsel on a prior appeal. **See Bennett, supra** at 399-400, 930 A.2d at 1274. In such a scenario, however, a petitioner must still "prove that the facts were 'unknown' to him and that he could not uncover them with the exercise of 'due diligence.'" **Id.**

Instantly, the court sentenced Appellant on February 28, 2014. On March 9, 2015, this Court affirmed the judgment of sentence. No petition for allowance of appeal was filed. Consequently, Appellant's judgment of sentence became final on April 8, 2015, upon the expiration of the 30-day period to file a petition for allowance of appeal with the Pennsylvania Supreme Court. **See** Pa.R.A.P. 1113(a). Appellant filed the current petition on February 1, 2019, almost four years after his judgment of sentence became final; thus, the petition is facially untimely.

Appellant now attempts to invoke the "newly-discovered facts" exception to the PCRA time-bar.[3] Specifically, Appellant contends that appellate counsel rendered ineffective assistance where counsel failed to file a petition for allowance of appeal with the Pennsylvania Supreme Court,

---

[3] Although Appellant mentioned the "new constitutional right" timeliness exception at Section 9545(b)(1)(iii) in his memorandum of law in support of his amended PCRA petition, the arguments he advanced in his *pro se* PCRA petition and on appeal pertain to the "newly-discovered facts" exception.

despite Appellant's request for counsel to do so. While Appellant's allegation arguably brings his claim within the narrow ambit of Section 9545(b)(1)(ii) as discussed in **Bennett, supra**, he must still prove that he met the requirements therein, namely that the facts were "unknown" to him and that he could not have uncovered them sooner with the exercise of "due diligence." **See id. See also** 42 Pa.C.S.A. § 9545(b)(1)(ii). Appellant, however, has failed to do so.

In denying Appellant's petition, the PCRA court addressed Appellant's claim as follows:

> [Appellant] alleges that he did not discover that his counsel had failed to seek review in the Supreme Court until January 23, 2019, when he received a letter from the [Supreme] Court, informing him that no *allocator* petition had been filed on his behalf. He argues that because he filed his PCRA petition on February 1, 2019, well before sixty days after hearing from the [Supreme] Court, and because he acted with due diligence, his petition should be deemed to be timely filed.
>
> In support of his argument that he acted with due diligence, [Appellant] avers the following in his PCRA Amended Petition. He states that following the Superior Court's decision, [Appellant]'s counsel, Karl Baker, Esquire, of the Defender's Association, sent [Appellant] a letter stating that the Superior Court had affirmed his conviction. In that letter, Mr. Baker stated that it was not his intention to petition the Supreme Court for review because there was no likelihood of obtaining review or relief in that [C]ourt. Further, counsel told [Appellant] that if [Appellant] still wished to file a petition in the Supreme Court, he should contact Mr. Baker within the thirty-day period running from the date of the Superior Court's decision. [Appellant] contends that he thereafter wrote to counsel directing him to file for review in the Supreme Court. [Appellant] states that he also followed up with a phone call to the Defender's

Association, leaving a voicemail message inquiring about the status of his appeal. On April [1]5, 2015, he received a letter from a staff member of the Defender's Association stating that his voicemail would be passed on to Mr. Baker, that [Appellant] was in "good hands," and to follow up if he still didn't hear back within a week or two. [Appellant] alleges he did not receive any further correspondence until after he wrote to the [Supreme] Court on January 15, 2019, more than three-and-one-half years later, to inquire about the status of his appeal. As stated above, on January 23, 2019, [Appellant] received a letter from the [Supreme] Court, informing him that no appeals or petitions had been filed on his behalf,…and on February 1, 2019, [Appellant] filed his *pro se* PCRA petition.

[Appellant] argues that because he reached out to the Defender's Association and was told that he was in "good hands," [Appellant] reasonably believed that counsel was pursuing his appeal during that time. However, [Appellant] did not follow up with the Defender's Association, despite being explicitly instructed, in writing, to do so if he did not hear back in a week or two. Further, [Appellant] made no efforts to inquire as to the status of his appeal until almost four years later. Under these circumstances, it is clear that [Appellant]'s averments fail to establish that he exercised due diligence regarding the status of his petition for allowance of appeal.

(PCRA Court Opinion at 5-6) (internal citations omitted). We agree with the PCRA court's analysis.

Here, Appellant's judgment of sentence became final in 2015. Although Appellant requested that counsel file a petition for allowance of appeal, Appellant failed to inquire as to the status of his appeal for nearly four years before he wrote to the Supreme Court prothonotary in 2019. Appellant fails to explain why he could not have contacted the Supreme Court or appellate counsel at any point during those four years to discover whether counsel had

filed a petition for allowance of appeal on Appellant's behalf. ***See, e.g., Commonwealth v. Scott***, 2021 WL 630987 (Pa.Super. filed Feb. 18, 2021) (unpublished memorandum) (determining counsel's *per se* ineffectiveness for failure to file timely petition for allowance of appeal may constitute newly-discovered fact under Section 9545(b)(1)(ii); concluding, nevertheless, that petitioner failed to plead and prove that he was unaware of status and procedural posture of his appeal or that he could not have discovered counsel's failure to file timely petition earlier through exercise of due diligence).[4] Accordingly, as Appellant failed to establish the requirements of Section 9545(b)(1)(ii), we affirm the order dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/21

---

[4] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decisions of Superior Court filed after May 1, 2019, may be cited for persuasive value).