J-S23040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAVERNE DOCKERY | : | |
| | : | |
| Appellant | : | No. 2898 EDA 2024 |

Appeal from the PCRA Order Entered September 13, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0742102-1989

BEFORE: STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED SEPTEMBER 5, 2025**

Laverne Dockery ("Dockerty") appeals *pro se* from the order dismissing his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In May 1988, Dockery and his brother, Timothy, entered Gregory Tutt's home in Philadelphia and killed Tutt and three other people with automatic weapons. In February 1989, a jury convicted him of four counts of second-degree murder, criminal conspiracy, and possession of an instrument of crime. On May 26, 1992, this Court affirmed Dockery's judgment of sentence. *See* ***Commonwealth v. Dockery***, 613 A.2d 27 (Pa. Super. 1992). Dockery did not seek allowance of appeal. Dockery filed a *pro se* PCRA petition alleging

_____

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

the existence of newly discovered evidence *i.e.*, that Timothy Quattlebaum ("Quattlebaum"), a testifying co-defendant, lied about his criminal record. **See Commonwealth v. Dockery**, No. 1364 EDA 2010 (Pa. Super. 2011) (unpublished memorandum at *5). This Court rejected Dockery's claim. Dockery filed a second *pro se* PCRA petition in May 2016, alleging the Commonwealth misstated the terms of Quattlebaum's plea agreement and withheld exculpatory evidence. The PCRA court dismissed the petition in November 2019, and Dockery did not file an appeal from that dismissal.

In November 2023, Dockery filed a third PCRA petition, *pro se*, asserting the prosecution suppressed the full extent of Quattlebaum's plea agreement. **See** Quattlebaum's PCRA Petition, 11/14/23, 6-7. The PCRA court dismissed Dockery's petition on September 17, 2024. Dockery filed a notice of appeal.[2] Both Dockerty and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Dockery raises the following issue for our review:

> Did the PCRA court commit clear legal error in determining that the Post-Conviction Relief Act petition was untimely without a timeliness exception?

Dockery's Brief at 4 (capitalization standardized).

Dockery's claim implicates the jurisdictional timeliness requirements of the PCRA.

---

[2] Although the PCRA court questioned the timeliness of the notice of appeal, Dockerty subsequently furnished proof of his compliance with the prisoner mailbox rule.

Our standard of review of an order dismissing a PCRA petition is well settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citations and quotation marks omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 144–45 (Pa. 2018). Further, "it is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." *Id*. at 145 (internal citation omitted).

We must initially determine whether the PCRA court had jurisdiction to adjudicate Dockerty's petition. Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii).

Dockery's judgment of sentence became final on June 25, 1992, when thirty days passed from the date this Court affirmed Dockery's judgments of sentence and he did not file a petition for allowance of appeal. *See* 42 Pa.C.S.A. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); Pa.R.A.P. 1113(a) (providing that petition for allowance of appeal shall be filed within thirty days of the entry of the Superior Court's order). Accordingly, Dockery had until June 25, 1993, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Dockery's serial PCRA petition, filed in November 2023, is facially untimely.

Dockery states his claim falls within the government interference and newly discovered facts exception to the PCRA's timeliness requirements. *See* 42 Pa.C.S.A. § 9545(b)(1)(i), (ii);[3] *see also* Dockery's Brief at 8-11. The Pennsylvania Supreme Court has repeatedly stated it is the appellant's burden to plead and offer to prove in the petition itself that one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008); *Commonwealth v. Wharton*, 886 A.2d

---

[3] These exceptions apply when respectively "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim," and "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(i), (ii).

1120, 1126 (Pa. 2006). Additionally, a petitioner must also demonstrate he raised his claim within one year of the time his claim could have been presented with the exercise of due diligence. **See** 42 Pa.C.S.A. § 9545(b)(2).

Dockery's petition asserted the existence of "hidden defects" in the criminal proceedings and the alleged suppression of information concerning Quattlebaum's plea agreement. **See** Dockery's PCRA Petition, 11/14/23, at 14-16. Dockery has not shown he exercised due diligence in obtaining these unspecific, allegedly new facts. A petitioner must "demonstrate he did not know the facts upon which he based his petition and could not have learned the new fact(s) earlier with the exercise of due diligence." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015), citing 42 Pa.C.S.A. § 9545(b)(ii). Dockery fails to explain his failure to obtain the unspecific information at an earlier date. Thus, Dockery failed to show he complied with the due diligence requirement of 42 Pa.C.S.A. § 9545(b)(1)(ii). **See also Commonwealth v. Breakiron**, 781 A.2d 94, 98 (Pa. 2001) (rejecting an appellant's attempt to invoke section 9545(b)(1)(ii) because he failed to offer any evidence he exercised due diligence in obtaining facts upon which his claim was based); **Brown**, 111 A.3d at 178 (same).

Additionally, the alleged suppression of information concerning Quattlebaum's plea agreement was the subject of Dockery's 2016 PCRA petition, rendering it previously litigated. **See** 42 Pa.C.S.A. § 9544(a)(2), (3).

For this additional reason, the PCRA court did not have jurisdiction to review the merits of Dockery's claim.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/5/2025